IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WANDA COAKER, | : |
| Plaintiff, | : |
| vs. | :   CIVIL ACTION 18-00229-KD-N |
| OXFORD HEALTHCARE, | : |
| Defendant(s). | : |

## REPORT AND RECOMMENDATION

Plaintiff, Wanda Coaker, proceeding pro se, filed the instant case seeking relief for disability discrimination in violation of Title I of the American with Disability Act, 42 U.S.C 12101 (Doc. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for appropriate action. Because Plaintiff has failed to prosecute and to comply with the Court's Order dated July 2, 2018, it is recommended that this action be dismissed without prejudice.

On May 22, 2018, this Court issued an Order directing Plaintiff to sign and file the original complaint that was being returned to her and to file a motion to proceed without prepayment of fees or pay the $400.00 filing fee by June 22, 2018 (Doc. 2). Plaintiff did not respond to the Court's order nor was the document returned as undeliverable. On July 2, 2018, the Court gave Plaintiff an extension of time to comply with the May 22, 2018 Order until July 31, 2018 (Doc. 3). Plaintiff has not responded to the Court's order nor has the document been returned as undeliverable. Plaintiff was cautioned that her failure to comply with the Court's order would result in a recommendation that this action would be dismissed without prejudice for failure to prosecute and to obey the Court's order. Due to this failure, the Court construes the

lack of a response as an indication that Plaintiff is no longer interested in proceeding with his action.

As a consequence of Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

Additionally, or alternatively, it is recommended that the complaint be stricken and this action dismissed without prejudice pursuant to Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.") due to Plaintiff's failure to return a signed version of her complaint.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything

in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA.GEN. LR. 72(c).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 17th day of September, 2018.

                                            s/KATHERINE P. NELSON
                                            UNITED STATES MAGISTRATE JUDGE